UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YORK BRIDGE CONCEPTS, INC. | : | |
| Plaintiff, | : | CA 07 076ML |
| vs. | : | C.A. No. 07- |
| RHODE ISLAND COUNTRY CLUB | : | |
| Defendant. | : | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the Defendant hereby removes this action from the Superior Court of Rhode Island, Providence County to this, the United States District Court for the District of Rhode Island, on the following grounds:

1. Plaintiff filed a Complaint against the defendant in the Superior Court of the State of Rhode Island, County of Providence, on February 9, 2007. A copy of the complaint was served on the Defendant on February 12, 2007. Copies of the Complaint and Summons are attached as Exhibit A.

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441(b) because the action arises under Federal law, in that, among other things, the Unjust Enrichment and Conversion claims that make up plaintiff's Second and Third Causes of Action are equivalent to and assert copyright infringement under federal law.

3. With respect to the Unjust Enrichment claim (Count II), plaintiff claims that it prepared engineering plans for the Defendant and that the Defendant has improperly used those plans.

4. With respect to the Conversion claim (Count III), plaintiff claims that the Defendant has improperly shared the plans with others and is wrongly using the plans in its permitting and contracting process.

5. Although Counts II and III are framed as state law claims, they are preempted by the Copyright Act. Under Section 301 of the Copyright Act, all "legal or equitable rights" under state law are preempted if they "are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a).

6. "The intention of section 301 is to preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works coming within the scope of the Federal copyright law. The declaration of this principle in section 301 is intended to be stated in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively, and to avoid the development of any vague borderline areas between State and Federal protection." See H.R. Rep. No. 94-1476, at 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746.

7. Plaintiff's claims with respect to its ownership and Defendant's alleged improper use, distribution, and/or reproduction of the engineering drawings are clear copyright rights that are protected under the Copyright Act, including, at a minimum, 17 U.S.C. §§ 102 and 106.

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to LR Civ. 81(a), written notice of the filing of this Notice of Removal was given to the plaintiff and a copy of this Notice was filed with the Clerk of the Superior Court of Rhode Island, Providence County in compliance with 28 U.S.C. § 1446(d)

10. Pursuant to LR Civ. 81(b), attached as Exhibit B is a certified copy of the state court docket sheet, along with all documents in the state court record, numerically tabbed, in the same order as they appear on the docket sheet.

WHEREFORE, defendant respectfully requests that this action now pending in the Superior Court of the State of Rhode Island, County of Providence, Docket No. 07-0766, be removed to the United States District Court for the District of Rhode Island.

RHODE ISLAND COUNTRY CLUB
By its Attorneys,

Brent R. Canning (#5546)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000 TEL
(401) 277-9600 FAX

CERTIFICATION

Alden C. Harrington, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906

I hereby certify that on February 27, 2007, a copy of the foregoing Notice of Removal was served upon counsel of record, as above, by regular mail.

#785619