**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**YORK BRIDGE CONCEPTS, INC.**

**Plaintiff**

**v.**

**RHODE ISLAND COUNTRY CLUB**

**Defendant**

# COMPLAINT

***Plaintiff complains of the defendant as follows:***

**1. York Bridge Concepts, Inc. ("York") is incorporated under the laws of the State of Florida and is engaged in the business of designing and constructing wooden timber bridges.**

**2. Rhode Island Country Club (the "Country Club") is a private club which includes a golf course. It is a Rhode Island non-profit corporation and is subject to the jurisdiction of this Court.**

***Jurisdiction***

**3. The Plaintiff seeks damages in an amount sufficient to invoke the jurisdiction of this Court.**

## Count I – Breach of Contract

**4. On November 25, 2002, York submitted a proposal to the Country Club to design and build seven bridges crossing tidal marsh on its golf course at a cost of $148,500.**

**5. On November 27, 2002, the proposal was accepted on behalf of the Country Club by an authorized agent and returned to York.**

**6. The proposal states in part, "Acceptance of Proposal: The above prices, specifications and conditions are satisfactory and are hereby accepted." A copy of the contract is attached as Exhibit A and is incorporated herein by reference.**

**7. The accepted proposal also allowed for adjustments in price if the Country Club did not ask York to proceed with construction within 90 days.**

**8. Following the Country Club's acceptance of this proposal, York, at the request of the Country Club prepared surveys of the proposed work sites and engineering plans for the bridges to be constructed. The Club represented that these materials were needed as part of its permitting process.**

**9. On February 16, 2004, York, at the request of the Club, provided a change order to the Country Club which called for the construction of five different bridges (instead of seven) at a total cost of $173,930.**

**10. The change order specifically provided that it was governed by all other terms and conditions of the original contract.**

**11. This change order was accepted by the Country Club on February 17, 2004 through a duly authorized agent. A copy of the change order is attached as Exhibit B and is incorporated herein by reference.**

**12. This permitting process continued until November 2006.**

**13. Throughout the process, York was asked by the Country Club and its agents to formulate various proposals based upon the Country Club's changing construction needs.**

**14. York complied with the Country Club's repeated requests to adapt its plans to suit the ever changing golf course renovation.**

**15. The Country Club never formally accepted any of the York change orders made subsequent to February 17, 2004.**

**16. In July of 2006, York was informed, through counsel, that the Country Club would not authorize the work to proceed under the original contract as modified by the accepted change order and unilaterally terminated the contract.**

**Count II – Unjust Enrichment**

**17. The Plaintiff repeats and realleges paragraphs 1 through 19 of the Complaint as if fully stated herein.**

**18. In preparing to carry out the work called for under the initial agreement, York prepared surveys, engineering and construction plans which were provided to the Country Club.**

**19. The initial contract called for engineering costs of $4,800 which was paid to York.**

**20. The engineering costs itemized within the initial proposal were not a separable component of the contract but were provided with the understanding that the entire contract would be performed.**

**21. Despite its refusal to go forward under the terms of the initial contract and subsequent change order, the Country Club has retained the plans provided by York at the request of the defendant.**

**22. Upon information and belief, the plans have been used by the Country Club in its permitting process and provided to other potential bridge contractors without York's consent.**

**23. The use of York's plans has benefited the Country Club.**

24. York has not received the full value in return for its plans because it was deprived of the opportunity to perform under the terms of the construction contract and accepted change order.

## Count III – Conversion

25. The Plaintiff repeats and realleges paragraphs 1 through 30 of the Complaint as if fully stated herein.

26. Because it has not been fully compensated for its plans, York remains the owner of the drawings and other materials which are in possession of the Country Club.

27. York has informed the Country Club that it is in possession of its plans and has asked for their return.

28. The Country Club has refused to return the plans and, upon information and belief, has continued to share the plans with potential contractors and use the plans in its permitting and contracting process.

WHEREFORE, in light of the foregoing, the Plaintiff demands the following relief:

On Count I:

A. That judgment enter in favor of the plaintiff and against the Defendant in an amount equal to the profits York would have made had the Country Club performed in accordance with the construction contract and subsequent change order;

B. That judgment enter in favor of the plaintiff and against the Defendant in an amount equal to the costs incurred in preparing initial designs and engineering and formulating changes to the initially authorized work order and the overhead costs incurred in carrying the project;

**C. That judgment enter in favor of the plaintiff and against the Defendant for a reasonable attorney's fee as provided in the contract;**

**On Count II:**

**D. That judgment enter in favor of the plaintiff and against the Defendant in an amount equal to the benefit derived by the Country Club from the retention and use of York's plans and drawings;**

**On Count III:**

**E. That judgment enter in favor of the plaintiff and against the Defendant in an amount equal to the value of the plans converted less the $4,800 already paid;**

**F. That the Defendant be ordered to immediately return all plans and drawings provided to it by York; and**

**On all Counts:**

**H. That the Plaintiff be awarded its costs, interest and any other relief this Court deems just and proper.**

**YORK BRIDGE CONCEPTS, INC.**
**By its Attorneys,**

**Alden C. Harrington (#1028)**
**Boyajian, Harrington & Richardson**
**182 Waterman Street**
**Providence, RI 02906**
**Tel. (401) 273-9600**
**Fax. (401) 273-9605**

YORK BRIDGE CONCEPTS The Professional Bridge Company

To: McLane Insurance
994 Willett Avenue
East Providence, RI 02915
PH: 401-433-4100
FX: 401-433-3628
Attn.: Mr. Gary McLane

Date: November 25, 2002
YBC No.: P202169b

From: Joseph York, Vice President

RE: Proposal for timber structure(s) on the Rhode Island Country Club project in Barrington, Rhode Island.

This proposal is being submitted with the intention of providing pricing for the installation of timber structure(s) by YORK BRIDGE CONCEPTS for above-mentioned project. The structure(s) will be built on-site, and the price quoted is for "turn key" construction.

This proposal is based on YORK BRIDGE CONCEPTS standard designs which include the use of (.40 CCA) pressure-treated, no. 2 grade, southern yellow pine (unless otherwise specified), which meets, or exceeds all application guidelines as specified by the American Wood Preservers Association (AWPA). The use of (.30 Type A Penta) pressure-treated, no. 2 grade, Douglas Fir may be substituted for Southern Yellow Pine on any or all timber materials as designated by York Bridge Concepts. ACQ pressure treatment is available at additional cost.

**Item A: (7) – 10' Wide (9' Clear) Timber Pile-Supported Bridge/Boardwalk:**

This design will accommodate a *5-Ton GVW loading including impact*, and is constructed with a foundation of timber butt pilings (2.50 CCA for salt water application) on 10' centers, timber cap and stringer framing, timber decking and timber curb along each side, bolted with blocking every 5'.

- Price is based on a maximum deck elevation of *10' above grade*.
- Price is based on *piling up to 10' in the ground*, or until refusal. In the event refusal is not met before 10', additional materials are required, resulting in additional charges. (Longer pile, if needed, will be charged at $25.00 per foot of piling)
- Price includes the use of *YBC exclusive "Timber Lock" Screw Fastening System* for attachment of deck.
- Price is based on the use of kiln-dried lumber for all curb and curb blocking to minimize twisting and warping.

**550 Total Linear Feet @ $239.00 per linear foot = $131,450.00 Total**

**ABUTMENT WALLS for Item A:**

22 linear feet of three-board high abutment with 5' wingwalls at each end of each bridge, and a filter fabric liner.

**(12) Abutments @ $900.00 each = $12,600.00 Total**

**Optional HANDRAIL for Item A:**

42" high timber "K"-style handrail, along the entire length of both sides of each bridge.
Handrail consists of timber posts bolted on 5' centers, and timber cap, cap rail, and knee rail.

**$36.00 per linear foot of Handrail**

**Item B - ENGINEERING:**

Provision of detail drawings and engineering calculations to verify structural integrity and loading (live and dead load of structural components) capacity of YBC design(s) as specified in this proposal.

**$4,800.00 Total**

- A professional engineer licensed in the state where the project is located will seal all YBC drawings and calculations for this project as specified in this proposal only. Any changes required by YBC engineering for this specific project may result in additional charges. Price for engineering does not include any supplemental engineering, drawings, calculations, specifications, reports or recording, testing, as-built drawings, and/or technical information.
- YBC engineering will be forwarded to the owner/contractor only to submit for approval by the governing authority, and to satisfy all project submittal requirements. Any subsequent design changes and/or additional submittal requirements for this submittal will result in additional charges.
- Calculations will support YBC designs for sizing of structural components and will include piling, framing, decking, handrail, and brackets. Calculations are based on typical soils to the area of the project. When calculations are to be based on specific soils testing or site data, the owner / contractor must notify YBC prior to engineering and provide YBC with concise documentation of pertinent data.

1. This proposal includes supervision, labor, all materials and equipment necessary for construction of all work as specified in the scope of this proposal only. PRICES ARE BASED ON NON-UNION LABOR AT NON-PREVAILING WAGE RATES. YBC is to work under the license and supervision of the contractor/owner. *This proposal does not include a Performance and Payment Bond, or any other insurance and/or bonding unless specified in this proposal.*





ALL-STATE LEGAL EXHIBIT A

2. This proposal does not include any permitting, submittals, or testing, which are the responsibility of the contractor/owner. The contractor/owner is responsible for compliance with all local codes and permit requirements. All prices contingent upon site inspection. YBC recommends installing handrail on all structures.
3. Contractor/owner is to verify that all required permits are in place prior to YBC Mobilization, and to provide YBC with copy of any permit(s) pertinent to the work described in this proposal.
4. YBC Designs are based on generic site conditions. Verification of specific site considerations for YBC designs will require additional charges. Engineered, sealed drawings, calculations and/or submittals not specified in this proposal will require additional charges and must be requested prior to scheduling. Engineering must be approved prior to YBC mobilization.
5. Contractor/owner is to provide adequate access to each work site for construction materials and equipment per YBC requirements. Provision of access may include removal of vegetation, road shaping, scraping, and / or application of gravel to solidify road surface.
6. Site preparation for the construction of all work must be substantially completed on this project prior to YBC mobilization to allow YBC immediate commencement of work upon arrival to job site. All work site preparation, excavation, and clearing are to be performed by others. All backfilling and finish grading by others.
7. This proposal does not include any irrigation or waterline work, electrical-related work, concrete work, any type of wood finishing or treatment; or the installation of erosion control systems not specified in this proposal.
8. The contractor/owner is responsible for marking all utility, sewer and water lines in all areas where construction will occur within fifty feet. YBC will not be held liable for damages to unmarked utilities, sewer and/or water lines.
9. This proposal does not include any concrete, labor, equipment or other material needed to stabilize piling due to rock, or any soil condition that prevents driving piles to required depth. Alternate methods such as auguring or drilling required for proper piling installation will result in additional charges.
10. York Bridge Concepts crews will clean up each bridge/wall work site daily, placing scraps in a pile near each bridge/wall work site for removal by others, unless otherwise agreed to in writing.
11. Contractor or Owner is responsible for establishing elevations for YBC drawing submittal. Contractor / Owner is responsible for having the centerlines located and staked prior to YBC mobilization
12. Delays that hinder work to be done by YBC that are caused by the Owner, Contractor (or his sub-contractors) or inclement weather may result in additional charges.
13. Reduction of scope of work by the Contractor or Owner after mobilization may result in additional charges. Price quoted is based on construction of specified scope at the same time; any reduction in quantities could affect unit pricing for the remainder of the scope. Cancellation of contract may result in compensation charges for lost profit and/or overhead.
14. Customer agrees that their field representative's signature on YBC's Field Change Order shall authorize any change, and customer shall be responsible for payment to YBC within the payment schedule as outlined in this proposal.

We propose hereby to furnish material and labor complete in accordance with YBC specifications, for the sum of

**$148,850.00 Total for all items listed, excluding Handrail option.**

- Price quoted is good for ninety- (90) days.
- Price is based on YBC standard 3-year warranty.
- *Payment Schedule: Engineered Drawing charges due w/ signed proposal, 10% due upon project scheduling; 45% due upon mobilization, and balance due upon completion of work.*
- Delinquent invoice payments will be charges 1.5% per month on the account balance for a period of time to be determined by YBC. In the event of non-payment, customer shall be responsible for attorney fees and YBC's cost of collection.

By: [signature] 12/16/2

Authorized Representative, YORK BRIDGE CONCEPTS

**Acceptance of Proposal:** The above prices, specifications and conditions are satisfactory and are hereby accepted. Payment will be made as outlined above. Pricing for the items in this proposal may change if the work is not scheduled within ninety days of acceptance.

Date: 12/2/02 Signature: [signature]

NOTE: All payments & contracts to be sent to: York Bridge Concepts 1419 W. Waters Ave., Suite 116; Tampa, FL 33682

02/17/2004 16:23 4014. 528 MCLANE PAGE 02/02

Feb.17. 2004 11:22AM Yor. Bridge Concepts No.2312 P. 2

| | Initial | Date |
|---|---|---|
| CM | | |
| CFO | | |

YORK BRIDGE CONCEPTS
The Professional Bridge Company

# CHANGE ORDER

| | | | |
|---|---|---|---|
| YBC CHANGE ORDER #: | C 202169 A | DATE: | February 6, 2004 |
| PROJECT NAME & LOCATION: | Rhode Island CC | Barrington, RI | |
| CONTRACTOR/OWNER: | Rhode Island CC | Fax #: | 401-433-3628 |
| AUTHORIZED FIELD C/O REP: | Gary McLane | | |
| YBC REGIONAL MANAGER: | Joe York | | |
| CHANGE ORDER ORIGINATOR: | Titus Edwards | | |

Contractor/Owner's Representative: by this Change Order, said representative authorizes all adjustments in work, quantity and price as stated below.

| Item | DESCRIPTION | QUANTITY | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| A | Delete original scope: (7) 10'x550TLFx10' timber pile-supported bridges, with (14) H-3 abutments with 5' wingwalls, and engineering. | 1 | $ (148,850.00) | -148850 |
| A | Add: (5) 10' x 670TLF x 6' timber pile-supported bridges, with (10) H-3 abutments, with 5' wingwalls, and engineering.<br>*New scope:<br>B1 - 10x80x6<br>B2 - 10x140x6<br>B3 - 10x300x6<br>B4 - 10x70x6<br>B5 - 10x80x6 | 1 | $ 173,930.00 | $173,930.00 |
| | | TOTAL: | | $25,080.00 |

| | | |
|---|---|---|
| **Original contract amount** | | $148,850.00 |
| Change Order | C 202169 A | $25,080.00 |
| **Revised Contract Amount** | | $173,930.00 |

* This Change Order is governed by all of the conditions contained in York Bridge Concepts Proposal.
* Price quoted is good for ten (10) days.
* Payment to be as per original proposal (unless otherwise negotiated).

[signature] 2/16/4
YBC AUTHORIZED REPRESENTATIVE DATE

[signature] 2/17/04
AUTHORIZED FIELD C/O REP. DATE

EXHIBIT
STATE LEGAL
2

YTO COWB

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[xxx] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 07-0766

YORK BRDGE CONCEPTS INC.
Plaintiff

RHODE ISLAND COUNTRY CLUB
Defendant

***Summons***

MATRONE
TO SANDRA ~~MARTONE~~ MACK, SECRETARY
1500 FLEET CENTER
PROVIDENCE, RI02903

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ALDEN C. HARRINGTON, ESQ. Plaintiff's attorney, whose address is 182 Waterman St., Providence, RI02906

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: 2/9/07

(Seal of the Superior Court)

RECEIVED
FEB 2007
HASLAW, LLC
REGISTERED AGENT

A TRUE COPY ATTEST
[signature]
2/12/07
CONSTABLE 6090
KENNETH K. KARISIAN

S- 135 (REV. 10/00)