UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YORK BRIDGE CONCEPTS, INC. | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 07-076 ML |
| RHODE ISLAND COUNTRY CLUB | : | |
| Defendant. | : | |

**ANSWER**

For its answer to the Complaint, the defendant Rhode Island Country Club states as follows:

1. Admit.

2. Admit.

3. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

**COUNT I – Breach of Contract**

4. Admit, except that the proposal is in writing and contains numerous other provisions.

5. Denied.

6. The first sentence of Paragraph 6 is admitted. The second sentence of Paragraph 6 is denied.

7. Defendant admits that the proposal states, "Pricing for the items in this proposal may change if the work is not scheduled within 90 days of acceptance." Defendant denies all other allegations in Paragraph 7.

8. Defendant denies that the proposal was accepted. Defendant admits that York prepared surveys of the proposed work sites and engineering plans for bridges, which it paid for. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies them.

9. Admit.

10. Defendant admits that the change order proposal states, "This Change Order is governed by all of the terms and conditions contained in York Bridge Concepts Proposal." Defendant denies all other allegations in Paragraph 10.

11. The first sentence in Paragraph 11 is denied. The second sentence of Paragraph 11 is admitted.

12. Defendant is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant admits that it requested York to submit proposals to address the Country Club's various construction needs. All other allegations in Paragraph 13 are denied.

14. Defendant admits that York submitted proposals at the request of the Country Club to address the Country Club's various construction needs. All other allegations contained in Paragraph 14 are denied.

15. Admit.

16. Defendant admits that it informed York through counsel that the scope of work contemplated had changed and that York should proceed only if given notice to do so. All other allegations are denied.

## COUNT II – Unjust Enrichment

17. Defendant repeats and realleges Paragraphs 1-16 of its Answer as though fully stated herein.

18. Defendant admits that York prepared surveys, engineering and construction plans but is without information sufficient to force a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies them.

19. Defendant admits that the initial proposal called for engineering costs of $4,800.00, which was paid to York. All other allegations contained in Paragraph 19 are denied.

20. Denied.

21. The defendant admits that it has plans provided by York but denies all other allegations contained in Paragraph 21.

22. Denied.

23. Denied.

24. Denied

## COUNT III - Conversion

25. Defendant repeats and realleges Paragraphs 1-24 of its Answer as though fully stated herein.

26. Denied.

27. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore denies them.

28. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted in whole or part by the U.S. Copyright Act.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or part by the applicable statutes of limitations, including 17 U.S.C. § 507(b).

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's alleged conduct constitutes fair use. 17 U.S.C. § 107.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant was authorized by plaintiff to use plaintiff's works.

**SIXTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or part by laches. Plaintiff was aware of defendant's use of the works at issue and yet made no effort to stop the use.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims are barred in whole or part by estoppel. Plaintiff was aware of defendant's use of the works at issue and yet made no effort to stop the use.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from instituting or maintaining a cause of action for copyright infringement because plaintiff does not own a valid copyright registration for the works at issue.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering damages and attorneys' fees under the Copyright Act for failure to register its copyright in the works prior to commencing this action.

WHEREFORE, Defendant prays that the Complaint be denied and dismissed with prejudice and that it be awarded its fees and costs and such other and further relief as may be just and proper.

**DEFENDANT CLAIMS A TRIAL BY JURY**

RHODE ISLAND COUNTRY CLUB
By its Attorneys,

/s/Brent R. Canning
Brent R. Canning (5546)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
401.274.2000 (TEL)
401.277.9600 (FAX)

**CERTIFICATION**

I hereby certify that on March 5, 2007, a copy of foregoing Answer was filed and sent electronically to the following counsel of record:

Alden C. Harrington, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906

/s/Brent R. Canning