UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YORK BRIDGE CONCEPTS, INC. | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No. 07-076 ML |
| RHODE ISLAND COUNTRY CLUB | : | |
| Defendant. | : | |

**PRETRIAL CONFERENCE STATEMENT**

York Bridge filed this action against the Rhode Island Country Club for breach of contract, unjust enrichment, and conversion. The claims arise out of some engineering and construction plans that York prepared for the Club and for which the Club paid $4,800.00.

**A. Breach of Contract**

York claims that in addition to the drafting work, it had a contract with the Club to build and install some bridges on the Club's golf course. York claims that the Club failed to award the work to York and therefore breached.

The Club denies liability. It acknowledges that York prepared a number of proposals for bridge construction work. The Club noted on the very first proposal that it received from York, however, that a firm contract was conditional on a "notice to proceed." As York understood, the Club could not commit because the scope of the work and price were uncertain.

The final proposal that York submitted was $50,000 higher than York's initial proposal and this cost was simply too expensive. As a result, the Club did not engage York.

**B. Unjust Enrichment and Conversion**

York's unjust enrichment claim and conversion claim are related. In both cases York claims that it is the owner of the plans and drawings it prepared for the Club and that the Club is

improperly using them. In the unjust enrichment claim, for instance, York alleges "the plans have been used by the Country Club in its permitting process." York seeks compensation for this unjust enrichment. Similarly, in its conversion claim York alleges that the Club is improperly showing the plans to others, including other contractors.

The Club denies liability. Furthermore, both claims are preempted by the Copyright Act. Copyright preemption is similar to ERISA preemption. All "legal or equitable rights" under state law are preempted if they "are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a); see Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005) (discussing copyright preemption).

"The intention of section 301 is to preempt and abolish any rights under the common law or statues of a State that are equivalent to copyright and that extend to works coming within the scope of the Federal copyright law. The declaration of this principle in section 301 is intended to be state in the clearest and most unequivocal language possible, so as to foreclose any conceivable misinterpretation of its unqualified intention that Congress shall act preemptively, and to avoid the development of any vague borderline areas between State and Federal protection." See H.R. Rep. No. 94-1476, at 130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746.

Because the Copyright Act preempts the unjust enrichment and conversion claims various defenses that are available in copyright actions apply here.

RHODE ISLAND COUNTRY CLUB
By its Attorneys,

/s/ Brent R. Canning
Brent R. Canning (#5546)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000 TEL
(401) 277-9600 FAX

## CERTIFICATION

Alden C. Harrington, Esq.
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906

I hereby certify that on April 9, 2007, a copy of the foregoing Notice of Removal was served upon counsel of record, as above, by electronic service.

/s/ Brent R. Canning

#794389