**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**YORK BRIDGE CONCEPTS, INC.**
**Plaintiff**

**v.** **C.A. 07-076 ML**

**RHODE ISLAND COUNTRY CLUB**
**Defendant**

**PLAINTIFF'S PRECONFERENCE STATEMENT**

Plaintiff York Bridge Concepts, Inc. is engaged in the business of designing and constructing wooden timber bridges. There are a number of new bridges to be constructed as part of the Rhode Island Country Club golf course renovation and in November of 2002 York submitted a proposal to the Club for the design and construction of seven bridges. The proposed cost was $148,500. and the proposal was accepted by an authorized agent of the Club. York submitted sealed and detailed engineering drawings and calculations which were used by the Club in the permitting process. Pursuant to the contract the Club paid $4,800. for the engineering work. All of the permitting with regard to the bridge construction was the responsibility of the Club. The contract terms included a limitation in the quoted price for a period of ninety days and a provision that a cancellation of the contract would result in charges for costs, lost profit and overhead.

During the permitting process modifications were made in the Club's plan and a change order reflecting those modifications was submitted by York and agreed to by the Club in February of 2004.

In the Spring of 2006 permitting was ongoing and the Club again requested certain changes. Consistent with the earlier occasion, York did the engineering work on the changes and submitted a change order reflecting the change in the scope of work and the substantial delay.

York was informed that the Country Club would act on the change order when permitting was completed.

In late July of 2006, in response to the Club's request, another change order was submitted. In August, the Club rejected the proposed change and notified York that the bridge work on the project would be handled through the general contractor and not directly by the Club suggesting that York submit a proposal to the general contractor. York submitted proposed pricing to the general contractor as instructed by the Club but was told by the general contractor that its agreement with the Club did not include the bridge work. In late August York submitted its invoice to Rhode Island Country Club for $71,500. representing the cost of its work performed, overhead, and lost profit of $71,500. on the original contract as modifiled by the accepted change order. The Club refused top pay claiming that there was never a meeting of the minds on the essential terms of the contract.

Plaintiff's Complaint, filed in Providence County Superior Court, sought damages for breach of contract as well as claims for conversion and unjust enrichment for the defendant's alleged unlawful use of plans, drawings, specifications, and designs that were the property of York. The defendant Country Club, alleging that the conversion and unjust enrichment claims were unique to the Copyright Act removed the case to the U. S. District Court alleging jurisdiction pursuant to 28 U.S.C. §1331. In its Answer the Club has raised a number of affirmative defenses relating to what it characterizes as the copyright claims and has denied liability under the contract.

[SIGNATURE ON NEXT PAGE]

**YORK BRIDGE CONCEPTS, INC.**
**By its Attorneys,**

**/S/ Alden C. Harrington (#1028)**
**Boyajian, Harrington & Richardson**
**182 Waterman Street**
**Providence, RI 02906**
**Tel. (401) 273-9600**
**Fax. (401) 273-9605**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2007 I electronically filed Plaintiff's Preconference Statement with the Clerk of the U. S. District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Brent R. Canning, Esq., Hinckley, Allen & Snyder, LLP, bcanning@haslaw.com .

/s/ Susanne Kershaw